**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | |
|---|---|
| WESTERN NATIONAL MUTUAL INSURANCE COMPANY, | ) ) ) |
| *Plaintiff,* | ) ) ) No.: |
| v. | ) ) |
| BESTVIEW INTERNATIONAL COMPANY, TILE & TOP, LLC, FLOOR AND DECOR OUTLETS OF AMERICA, INC. | ) ) ) ) |
| *Defendants.* | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, WESTERN NATIONAL MUTUAL INSURANCE COMPANY ("Western National"), by and through its attorneys, Christopher J. Pickett and Haley M. Loutfy of LINDSAY, PICKETT & POSTEL, LLC, and for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201, *et seq.* against the Defendants, BESTVIEW INTERNATIONAL COMPANY and TILE & TOP, LLC (collectively, "Bestview"), and FLOOR AND DECOR OUTLETS OF AMERICA, INC. ("Floor and Decor"), alleges as follows:

### INTRODUCTION

1. Western National seeks to rescind two policies of insurance issued to named insured Bestview due to material misrepresentations of fact it made on multiple applications of insurance. Specifically, it affirmatively misrepresented that its sales volume did not exceed $15,000,000 per location and further affirmatively misrepresented that it did not import products directly from China. Western National's underwriting guidelines expressly prohibit both risks and, absent the misrepresentations, Western National would not have issued or renewed the policies.

## THE PARTIES

2. Western National is a mutual insurance company organized under the laws of the state of Minnesota and with a principal place of business in Minnesota, duly licensed and authorized to issue insurance policies in the State of Illinois. Western National is a citizen of the state of Minnesota.

3. Bestview is an Illinois corporation organized under the laws of the state of Illinois and with a principal place of business in Illinois. Bestview is a citizen of the state of Illinois.

4. Tile & Top is an Illinois manager-managed limited liability company whose sole manager member is Zhiqi Zhuang, a citizen of Illinois.

5. Floor and Decor is a corporation organized under the laws of the state of Delaware and with a principal place of business in Georgia. Floor and Decor is a citizen of Delaware and Georgia.

## JURISDICTION AND VENUE

6. No defendant is a citizen of the plaintiff's state of citizenship, Minnesota, so complete diversity of citizenship exists.

7. The amount in controversy exceeds $75,000 exclusive of interest and costs. Although this complaint only seeks declaratory relief, the effect of granting such relief would be to rescind a policy and void coverage for a loss exceeding $75,000 in value.

8. This Court therefore has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(a).

9. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this transaction occurred within the Northern District of Illinois, including negotiation and delivery of the subject insurance policies.

10.     This Court has personal jurisdiction over Bestview and Tile & Top as they are Illinois citizens. This Court also has personal jurisdiction over Floor and Decor as it does business in the state of Illinois and therefore purposely availed itself to the protections of Illinois law.

11.     An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

### NONJOINDER OF CERTAIN PARTIES

12.     Jackie Nguyen is the plaintiff in an underlying lawsuit and is a resident of Fort Bend County, Texas. She is a citizen of Texas and has not been joined because this Court does not have personal jurisdiction over her. Contemporaneously with the filing of this action, Western National will provide Ms. Nguyen with a copy of the complaint and invite her to intervene should she desire to do so.

### THE APPLICATION FOR INSURANCE

13.     On or about June 19, 2018, Bestview, through its agent, Rand-Tec Insurance Agency ("Rand-Tec") submitted its initial insurance application with Western National. A true and correct copy of Bestview's June 19, 2018, application is attached as Exhibit A.

14.     Bestview answered "no" when asked if foreign products were sold, distributed, or used as components in its business. *Id*. at p. 10.

15.     Bestview answered "no" when asked if it was engaged in any foreign operations, had any foreign products distributed in the United States, or had any United States products sold or distributed in foreign countries. *Id*. at p. 27.

16.     Further, Bestview's application scheduled two locations, one located at 2260 Ridge Drive, Glenview, Illinois, and the other located at 7879 Lemont Road, Darien, Illinois. *Id*. at 2.

17.     Bestview represented its annual gross sales as $5,000,000 in ceramic tile. *Id*. at 38.

18. On or about September 17, 2018, Bestview submitted an updated insurance application. A true and correct copy of Bestview's September 17, 2018, application is attached as Exhibit B.

19. Bestview's updated application continued to represent that it did not sell or distribute foreign products. *Id.*

20. Bestview's updated application continued to represent that its annual sales were $5,000,000. *Id.*

21. On September 21, 2018, Western National issued Bestview a quote based on its representations. A true and correct copy of Western National's quote is attached as Exhibit C.

22. Western National's quote contained the following warning in red ink so as to highlight it from the surrounding text: "Ineligible: Risks that distribute high hazard consumer products, and risks directly importing foreign-made products from manufacturers with no legal US presence." *Id*. at p. 2.

23. On or about October 9, 2018, Rand-Tec called Western National to discuss Bestview's insurance application. Rand-Tec informed Western National that although Bestview obtained products from foreign markets, they were imported strictly through a United States distributer. Rand-Tec confirmed that Bestview did not import any products directly from a foreign distributer.

24. Bestview also represented that it had sales of no more than $15,000,000 per scheduled location, and no more than $30 million in aggregate for its two scheduled locations.

25. On October 9, 2018, Western National issued Bestview an updated quote. A true and correct copy of Western National's updated quote is attached as Exhibit D.

26. Western National's updated quote contained the same warning in similar highlighted text: "Ineligible: Risks that distribute high hazard consumer products, and risks directly importing foreign-made products from manufacturers with no legal US presence." *Id*. at p. 2.

### THE WESTERN NATIONAL POLICIES

27. Western National issued Bestview a Business Owners Policy ("BOP") numbered 1006209 00, effective October 16, 2018, through October 16, 2019. A true and correct copy of the 2018-2019 BOP policy is attached hereto as Exhibit E.

28. Bestview was also issued an Umbrella ("UMB") policy, numbered 1033129 00. A true and correct copy of the 2018-2019 UMB policy is attached hereto as Exhibit F.

29. Bestview consecutively renewed its BOP and UMB policies on an annual basis through October 16, 2022.

### THE UNDERLYING LAWSUIT AND WESTERN NATIONAL'S INVESTIGATION

30. On November 20, 2021, Jackie Nguyen filed a complaint in the District Court of Fort Bend County, Texas, naming Floor and Decor as a defendant ("the underlying lawsuit"). A true and correct copy of the second amended complaint filed in the underlying lawsuit is attached as Exhibit G.

31. The underlying lawsuit alleges that on February 15, 2021, a fire spread from Ms. Nguyen's fireplace to other portions of the home, resulting in the death of four people.

32. The underlying lawsuit alleges that Ms. Nguyen previously purchased wood paneling (the "Subject Wood Paneling") from Floor and Decor to install around her fireplace, and that the Subject Wood Paneling was defective and unfit for its intended use, causing or contributing to the fire and subsequent deaths.

33. On March 28, 2022, Floor and Decor tendered the underlying lawsuit to Western National, requesting additional insured coverage under the Bestview policies.

34. Floor and Decor claimed that the Subject Wood Paneling had been identified as a Bestview product, and therefore Floor and Decor qualified as an additional insured pursuant to its vendor agreement with Bestview. In support of its tender, Floor and Decor furnished Western National with a sales receipt identifying that the Subject Wood Paneling was sold for use in the Nguyen home in 2017.

35. Western National agreed to undertake Floor and Decor's defense of the underlying lawsuit, subject to a reservation of rights, while it continued to investigate coverage for the claim.

36. During its investigation into coverage for the claim, Western National learned of information to establish that Bestview had made multiple misrepresentations of material fact on its applications for insurance with Western National.

37. Specifically, at Floor and Decor's request, Bestview principals traveled to China to arrange for the Subject Wood Paneling to be imported directly from China and shipped to various Floor and Decor locations, sometime prior to June 2018.

38. The Chinese-based manufacturer of the Subject Wood Paneling did not have a presence in the United States when Bestview engaged with it to import the Subject Wood Paneling as of June 2018.

39. Bestview did not use a distributor with a presence in the United States to import the Subject Wood Paneling as of June 2018.

40. Bestview's total sales volume exceeded $15,000,000 per location in 2017 or 2018.

6

## **MATERIAL MISREPRESENTATIONS**

41. Bestview falsely answered "no" in its June and September applications when asked if foreign products were sold, distributed, or used as components in its business.

42. Bestview falsely answered "no" in its June and September applications when asked if it was engaged in any foreign operations, had any foreign products distributed in the United States, or had any United States products sold or distributed in foreign countries.

43. Bestview falsely answered that its total sales volume was $5,000,000 in its June and September applications.

44. Bestview subsequently falsely answered that its total sales volume did not exceed $15,000,000 per location.

45. Bestview subsequently falsely represented that, although it does sell products manufactured by foreign companies with no presence in the United States, those products were imported "strictly" through a distributor based in the United States.

## **COUNT I**

### **RESCISSION OF THE WESTERN NATIONAL POLICIES**

46. Western National restates and incorporates the allegations in paragraphs 1 through 45 above, as if fully set forth herein.

47. The Western National BOP underwriting guidelines declare as ineligible for coverage any wholesale risks who import products from foreign manufacturers without a direct or distributor presence in the United States.

48. The Western National BOP underwriting guidelines do not permit wholesale risks with total sales volume of $15,000,000 or more from any single location.

7

49. Had Bestview disclosed that it was importing products directly from China on its application for insurance, the application would have been denied for a BOP policy.

50. Had Bestview disclosed that it was generating more than $15,000,000 in sales at either one of its two scheduled locations, the application would have been denied for a BOP policy.

51. Without the issuance of the BOP policy, Western National would not have issued the UMB policy.

52. The misrepresentations described above were material because, absent those misrepresentations, Western National would have rejected the application and declined to issue Bestview its BOP policy and its UMB policy.

53. In issuing the BOP policy and the UMB policy in 2018, Western National reasonably relied to its detriment on Bestview's misrepresentations of material fact.

54. As a result of the foregoing material misrepresentations in Bestview's insurance application, Western National is entitled to rescind the BOP policy and the UMB policy for all effective policy periods, specifically October 16, 2018 through October 16, 2022.

55. Western National hereby tenders to Bestview its premiums paid for each year the BOP policy and the UMB policy were issued and will deposit those funds in an account as instructed by this Court or Bestview.

WHEREFORE, the Plaintiff, WESTERN NATIONAL MUTUAL INSURANCE COMPANY, prays this Honorable Court enter an Order finding and declaring that as result of BESTVIEW INTERNATIONAL COMPANY's material misrepresentations, Western National has a right to rescind the Western National policies, numbered 1006209 and 1033129, effective October 16, 2018, through October 16, 2022, issued to BESTVIEW INTERNATIONAL COMPANY and TILE & TOP, LLC, for a declaration that WESTERN NATIONAL MUTUAL

INSURANCE COMPANY does not owe a duty to defend or indemnify Floor and Decor against the underlying lawsuit, and for such other relief as may be necessary to return the parties to the *status quo ante*, including payments or distributions made as a result of the policies' prior effect.

        Respectfully submitted,
        **LINDSAY, PICKETT & POSTEL, LLC**

        By: /s/ Christopher J. Pickett
        One of the attorneys for Plaintiff

Christopher J. Pickett (ARDC #6287096)
Direct: 312.596.7779
cpickett@lpplawfirm.com
Haley M. Loutfy (ARDC #6330052)
Direct: 312.995.7903
hloutfy@lpplawfirm.com
**LINDSAY, PICKETT & POSTEL, LLC**
200 W. Madison St., Suite 3850
Chicago, Illinois 60606