# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLLINOIS – EASTERN DIVISION

| | |
|---|---|
| WESTERN NATIONAL MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:22-cv-05444 ) |
| BESTVIEW INTERNATIONAL COMPANY, TILE & TOP, LLC, FLOOR AND DECOR OUTLETS OF AMERICA, INC., | ) ) ) ) |
| Defendants. | ) ) |

## BESTVIEW INTERNATIONAL COMPANY AND TILE & TOP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Bestview International Company and Tile & Top, LLC (collectively "Bestview") through undersigned counsel, Walker Wilcox Matousek LLP, file this Answer to Plaintiff's Complaint and Affirmative Defenses, and respectfully state as follows:

### ANSWER

1. Western National seeks to rescind two policies of insurance issued to named insured Bestview due to material misrepresentations of fact it made on multiple applications of insurance. Specifically, it affirmatively misrepresented that its sales volume did not exceed $15,000,000 per location and further affirmatively misrepresented that it did not import products directly from China. Western National's underwriting guidelines expressly prohibit both risks and, absent the misrepresentations, Western National would not have issued or renewed the policies.

**ANSWER**: Paragraph 1 is a general statement of claim to which no response is required. To the extent a response is required, Bestview acknowledges Plaintiff is asserting the action attempting to rescind multiple insurance policies, but denies all factual allegations contained therein.

## THE PARTIES[1]

2. Western National is a mutual insurance company organized under the laws of the state of Minnesota and with a principal place of business in Minnesota, duly licensed and authorized to issue insurance policies in the State of Illinois. Western National is a citizen of the state of Minnesota.

**ANSWER:** Bestview is without sufficient information or knowledge to form a belief regarding the truth of the allegations contained in Paragraph 2, and therefore, denies those allegations.

3. Bestview is an Illinois corporation organized under the laws of the state of Illinois and with a principal place of business in Illinois. Bestview is a citizen of the state of Illinois.

**ANSWER:** Admit.

4. Tile & Top is an Illinois manager-managed limited liability company whose sole manager member is Zhiqi Zhuang, a citizen of Illinois.

**ANSWER:** Admit.

5. Floor and Decor is a corporation organized under the laws of the state of Delaware and with a principal place of business in Georgia. Floor and Decor is a citizen of Delaware and Georgia.

**ANSWER:** Bestview is without sufficient information or knowledge to form a belief regarding the truth of the allegations contained in Paragraph 5, and therefore, denies those allegations.

## JURISDICTION AND VENUE

6. No defendant is a citizen of the plaintiff's state of citizenship, Minnesota, so complete diversity of citizenship exists.

**ANSWER:** The allegations in paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Bestview is not a citizen of Minnesota. Bestview is

---

[1] Except as otherwise stated herein, Bestview denies the allegations in any footnotes, unnumbered paragraphs, titles, headings, subheadings, tables, and illustrations.

without sufficient information or knowledge to form a belief regarding the truth of the remaining allegations contained in Paragraph 6, and therefore, denies those allegations.

7.     The amount in controversy exceeds $75,000 exclusive of interest and costs. Although this complaint only seeks declaratory relief, the effect of granting such relief would be to rescind a policy and void coverage for a loss exceeding $75,000 in value.

**ANSWER:**  The allegations in paragraph 7 are statements of claim to which no response is required. To the extent a response is required, Bestview does not currently know the value of the claim Plaintiff seeks to improperly avoid paying on behalf of its insured in this matter.

8.     This Court therefore has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(a).

**ANSWER:**  The allegations in paragraph 8 are legal statements of claim to which no response is required.

9.     Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this transaction occurred within the Northern District of Illinois, including negotiation and delivery of the subject insurance policies.

**ANSWER:**  The allegations in paragraph 9 are legal statements of claim to which no response is required.

10.    This Court has personal jurisdiction over Bestview and Tile & Top as they are Illinois citizens. This Court also has personal jurisdiction over Floor and Decor as it does business in the state of Illinois and therefore purposely availed itself to the protections of Illinois law.

**ANSWER:**  The allegations in paragraph 10 are legal statements of claim to which no response is required.

11.    An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

**ANSWER:**  The allegations in paragraph 11 are legal statements of claim to which no response is required.

## NONJOINDER OF CERTAIN PARTIES

12. Jackie Nguyen is the plaintiff in an underlying lawsuit and is a resident of Fort Bend County, Texas. She is a citizen of Texas and has not been joined because this Court does not have personal jurisdiction over her. Contemporaneously with the filing of this action, Western National will provide Ms. Nguyen with a copy of the complaint and invite her to intervene should she desire to do so.

**ANSWER:** The allegations in paragraph 12 are legal statements of claim to which no response is required.

## THE APPLICATION FOR INSURANCE

13. On or about June 19, 2018, Bestview, through its agent, Rand-Tec Insurance Agency ("Rand-Tec") submitted its initial insurance application with Western National. A true and correct copy of Bestview's June 19, 2018, application is attached as Exhibit A.

**ANSWER:** Exhibit A to the Complaint appears to be an application for insurance submitted by Scott J. Anderson, who is listed as "Producer." Bestview denies the allegations in paragraph 13.

14. Bestview answered "no" when asked if foreign products were sold, distributed, or used as components in its business. *Id.* at p. 10.

**ANSWER:** Bestview denies the allegations in paragraph 14.

15. Bestview answered "no" when asked if it was engaged in any foreign operations, had any foreign products distributed in the United States, or had any United States products sold or distributed in foreign countries. *Id.* at p. 27.

**ANSWER:** Bestview denies the allegations in paragraph 15.

16. Further, Bestview's application scheduled two locations, one located at 2260 Ridge Drive, Glenview, Illinois, and the other located at 7879 Lemont Road, Darien, Illinois. *Id.* at 2.

**ANSWER:** Exhibit A speaks for itself in terms of the locations identified. Bestview denies all remaining allegations in paragraph 16.

17. Bestview represented its annual gross sales as $5,000,000 in ceramic tile. *Id.* at 38.

**ANSWER:** Bestview denies the allegations in paragraph 17.

18. On or about September 17, 2018, Bestview submitted an updated insurance application. A true and correct copy of Bestview's September 17, 2018, application is attached as Exhibit B.

**ANSWER:** Exhibit B speaks for itself and appears to be an application for insurance submitted by Scott J. Anderson, who is listed as "Producer." Bestview denies the allegations in paragraph 18.

19. Bestview's updated application continued to represent that it did not sell or distribute foreign products. *Id.*

**ANSWER:** Bestview denies the allegations in paragraph 19.

20. Bestview's updated application continued to represent that its annual sales were $5,000,000. *Id.*

**ANSWER:** Bestview denies the allegations in paragraph 20.

21. On September 21, 2018, Western National issued Bestview a quote based on its representations. A true and correct copy of Western National's quote is attached as Exhibit C.

**ANSWER:** Exhibit C appears to be a quote issued by Plaintiff to Rand Tec Insurance Agency, Inc. to insure Bestview, but that document speaks for itself. Bestview denies the remaining allegations in paragraph 21.

22. Western National's quote contained the following warning in red ink so as to highlight it from the surrounding text: "Ineligible: Risks that distribute high hazard consumer products, and risks directly importing foreign-made products from manufacturers with no legal US presence." *Id.* at p. 2.

**ANSWER:** Exhibit C speaks for itself. To the extent a response to paragraph 22 is required, Bestview acknowledges the quoted language appears under sections titled "Building Details" describing property insurance coverage for the buildings described and those sections do not address any liability coverage.

23. On or about October 9, 2018, Rand-Tec called Western National to discuss Bestview's insurance application. Rand-Tec informed Western National that although Bestview

obtained products from foreign markets, they were imported strictly through a United States distributer. Rand-Tec confirmed that Bestview did not import any products directly from a foreign distributer.

**ANSWER:** Bestview has insufficient information to form a belief regarding the truth of the allegations in paragraph 23, and therefore, denies the same.

24. Bestview also represented that it had sales of no more than $15,000,000 per scheduled location, and no more than $30 million in aggregate for its two scheduled locations.

**ANSWER:** Bestview denies the allegations in paragraph 24.

25. On October 9, 2018, Western National issued Bestview an updated quote. A true and correct copy of Western National's updated quote is attached as Exhibit D.

**ANSWER:** Exhibit D appears to be a quote issued by Plaintiff to Rand Tec Insurance Agency, Inc. to insure Bestview, but that document speaks for itself. Bestview denies the remaining allegations in paragraph 25.

26. Western National's updated quote contained the same warning in similar highlighted text: "Ineligible: Risks that distribute high hazard consumer products, and risks directly importing foreign-made products from manufacturers with no legal US presence." *Id.* at p. 2.

**ANSWER:** Exhibit D speaks for itself. To the extent a response to paragraph 26 is required, Bestview acknowledges the quoted language appears under sections titled "Building Details" describing property insurance coverage for the buildings described and those sections do not address any liability coverage.

## THE WESTERN NATIONAL POLICIES

27. Western National issued Bestview a Business Owners Policy ("BOP") numbered 1006209 00, effective October 16, 2018, through October 16, 2019. A true and correct copy of the 2018-2019 BOP policy is attached hereto as Exhibit E.

**ANSWER:** Bestview acknowledges Exhibit E appears to be a copy of the insurance policy Plaintiff issued to Bestview for the 2018-2019 policy period.

28. Bestview was also issued an Umbrella ("UMB") policy, numbered 1033129 00. A true and correct copy of the 2018-2019 UMB policy is attached hereto as Exhibit F.

**ANSWER:** Bestview acknowledges Exhibit F appears to be a copy of the umbrella insurance policy Plaintiff issued to Bestview for the 2018-2019 policy period.

29. Bestview consecutively renewed its BOP and UMB policies on an annual basis through October 16, 2022.

**ANSWER:** Bestview admits it renewed its insurance policies with Plaintiff. Bestview denies all allegations in paragraph 29 inconsistent with the foregoing.

### THE UNDERLYING LAWSUIT AND WESTERN NATIONAL'S INVESTIGATION

30. On November 20, 2021, Jackie Nguyen filed a complaint in the District Court of Fort Bend County, Texas, naming Floor and Decor as a defendant ("the underlying lawsuit"). A true and correct copy of the second amended complaint filed in the underlying lawsuit is attached as Exhibit G.

**ANSWER:** Bestview acknowledges Exhibit G is a copy of a petition filed against Floor & Décor in Fort Bend County by Jackie Nguyen. Bestview further avers Exhibit G is no longer the operative pleading in that litigation and Bestview itself has been added to that litigation. Bestview denies all allegations in paragraph 30 inconsistent with the foregoing.

31. The underlying lawsuit alleges that on February 15, 2021, a fire spread from Ms. Nguyen's fireplace to other portions of the home, resulting in the death of four people.

**ANSWER:** Bestview acknowledges Exhibit G asserts the allegations set forth in paragraph 31.

32. The underlying lawsuit alleges that Ms. Nguyen previously purchased wood paneling (the "Subject Wood Paneling") from Floor and Decor to install around her fireplace, and that the Subject Wood Paneling was defective and unfit for its intended use, causing or contributing to the fire and subsequent deaths.

**ANSWER:** Bestview acknowledges Exhibit G asserts the allegations set forth in paragraph 32, but denies there is any truth to those allegations.

7

33. On March 28, 2022, Floor and Decor tendered the underlying lawsuit to Western National, requesting additional insured coverage under the Bestview policies.

**ANSWER:** Bestview is without sufficient information to form a belief regarding the truth of the allegations in paragraph 33, and therefore, denies the same.

34. Floor and Decor claimed that the Subject Wood Paneling had been identified as a Bestview product, and therefore Floor and Decor qualified as an additional insured pursuant to its vendor agreement with Bestview. In support of its tender, Floor and Decor furnished Western National with a sales receipt identifying that the Subject Wood Paneling was sold for use in the Nguyen home in 2017.

**ANSWER:** Bestview is without sufficient information to form a belief regarding the truth of the allegations in paragraph 34, and therefore, denies the same.

35. Western National agreed to undertake Floor and Decor's defense of the underlying lawsuit, subject to a reservation of rights, while it continued to investigate coverage for the claim.

**ANSWER:** Bestview is without sufficient information to form a belief regarding the truth of the allegations in paragraph 35, and therefore, denies the same.

36. During its investigation into coverage for the claim, Western National learned of information to establish that Bestview had made multiple misrepresentations of material fact on its applications for insurance with Western National.

**ANSWER:** Bestview denies the allegations in paragraph 36.

37. Specifically, at Floor and Decor's request, Bestview principals traveled to China to arrange for the Subject Wood Paneling to be imported directly from China and shipped to various Floor and Decor locations, sometime prior to June 2018.

**ANSWER:** Bestview denies the allegations in paragraph 37.

38. The Chinese-based manufacturer of the Subject Wood Paneling did not have a presence in the United States when Bestview engaged with it to import the Subject Wood Paneling as of June 2018.

**ANSWER:** Bestview admits that the manufacturer of the Subject Wood Paneling did not have a presence in the United States as of June 2018, but denies the remaining allegations in paragraph 38.

39. Bestview did not use a distributor with a presence in the United States to import the Subject Wood Paneling as of June 2018.

**ANSWER:** Bestview denies the allegations in paragraph 39 as it was never the importer of the Subject Wood Paneling.

40. Bestview's total sales volume exceeded $15,000,000 per location in 2017 or 2018.

**ANSWER:** Bestview denies the allegations in paragraph 40.

## MATERIAL MISREPRESENTATIONS

41. Bestview falsely answered "no" in its June and September applications when asked if foreign products were sold, distributed, or used as components in its business.

**ANSWER:** Bestview denies the allegations in paragraph 41.

42. Bestview falsely answered "no" in its June and September applications when asked if it was engaged in any foreign operations, had any foreign products distributed in the United States, or had any United States products sold or distributed in foreign countries.

**ANSWER:** Bestview denies the allegations in paragraph 42.

43. Bestview falsely answered that its total sales volume was $5,000,000 in its June and September applications.

**ANSWER:** Bestview denies the allegations in paragraph 43.

44. Bestview subsequently falsely answered that its total sales volume did not exceed $15,000,000 per location.

**ANSWER:** Bestview denies the allegations in paragraph 44.

45. Bestview subsequently falsely represented that, although it does sell products manufactured by foreign companies with no presence in the United States, those products were imported "strictly" through a distributor based in the United States.

**ANSWER:** Bestview denies the allegations in paragraph 45.

## COUNT I

## RESCISSION OF THE WESTERN NATIONAL POLICIES

46. Western National restates and incorporates the allegations in paragraphs 1 through 45 above, as if fully set forth herein.

**ANSWER:** In response to paragraph 46, Bestview restates all responses to paragraphs 1 through 45 as set forth herein.

47. The Western National BOP underwriting guidelines declare as ineligible for coverage any wholesale risks who import products from foreign manufacturers without a direct or distributor presence in the United States.

**ANSWER:** Bestview is without sufficient information to form a belief regarding the truth of the allegations contained in paragraph 47, and therefore, denies the same.

48. The Western National BOP underwriting guidelines do not permit wholesale risks with total sales volume of $15,000,000 or more from any single location.

**ANSWER:** Bestview is without sufficient information to form a belief regarding the truth of the allegations contained in paragraph 48, and therefore, denies the same.

49. Had Bestview disclosed that it was importing products directly from China on its application for insurance, the application would have been denied for a BOP policy.

**ANSWER:** Bestview denies the allegations in paragraph 49.

50. Had Bestview disclosed that it was generating more than $15,000,000 in sales at either one of its two scheduled locations, the application would have been denied for a BOP policy.

**ANSWER:** Bestview denies the allegations in paragraph 50.

51. Without the issuance of the BOP policy, Western National would not have issued the UMB policy.

**ANSWER:** Bestview denies the allegations in paragraph 51.

52. The misrepresentations described above were material because, absent those misrepresentations, Western National would have rejected the application and declined to issue Bestview its BOP policy and its UMB policy.

**ANSWER:** Bestview denies the allegations in paragraph 52.

53. In issuing the BOP policy and the UMB policy in 2018, Western National reasonably relied to its detriment on Bestview's misrepresentations of material fact.

**ANSWER:** Bestview denies the allegations in paragraph 53.

54. As a result of the foregoing material misrepresentations in Bestview's insurance application, Western National is entitled to rescind the BOP policy and the UMB policy for all effective policy periods, specifically October 16, 2018 through October 16, 2022.

**ANSWER:** Bestview denies the allegations in paragraph 54.

55. Western National hereby tenders to Bestview its premiums paid for each year the BOP policy and the UMB policy were issued and will deposit those funds in an account as instructed by this Court or Bestview.

**ANSWER:** Bestview denies Plaintiff may act in the manner suggested in paragraph 55.

Bestview denies all allegations not specifically admitted herein.

Bestview denies Plaintiff is entitled to the relief set forth in the *ad damnum* clause of the Complaint, including Plaintiff's erroneous claim it may rescind renewal policies based on an application for an initial year of coverage in violation of clear Illinois law on this specific issue.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to set forth a claim upon which relief may be granted.

2. Bestview did not provide the information Plaintiff claims to rely upon to rescind the Policies, and therefore, Plaintiff cannot meet its burden of proof on its rescission claim.

3. Plaintiff does not have information and evidence to support rescission of an insurance policy in accordance with the standards required by 215 ILCS 5/154.

4. Plaintiff seeks to rescind renewed policies based on applications for coverage in prior years, which is inappropriate under Illinois law.

5. Bestview reserves the rights to amend its Answer and add affirmative defenses as additional information is discovered and/or produced.

December 22, 2022            Respectfully submitted,

                                            **WALKER WILCOX MATOUSEK LLP**

                                            */s/ Christopher J. Shannon*
                                            Douglas W. Walker
                                            Christopher J. Shannon
                                            Walker Wilcox Matousek LLP
                                            One North Franklin Street, Suite 3200
                                            Chicago, Illinois 60606
                                            (312) 244-6700
                                            dougwalker@walkerwilcox.com
                                            cshannon@walkerwilcox.com

                                            **ATTORNEYS FOR BESTVIEW INTERNATIONAL COMPANY AND TILE & TOP, LLC**

## **CERTIFICATE OF SERVICE**

On December 22, 2022, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF filing system. I certify that I have served all counsel of record electronically as authorized by FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2).

*s/ Christopher J. Shannon*