IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| WESTERN NATIONAL MUTUAL INSURANCE COMPANY, <br><br> *Plaintiff,* <br><br> v. <br><br> BESTVIEW INTERNATIONAL COMPANY, TILE & TOP, LLC, FLOOR AND DECOR OUTLETS OF AMERICA, INC. <br><br> *Defendants.* | No.: Case No. 1:22-cv-05444 |

**WESTERN NATIONAL'S ANSWERS
TO FLOOR & DECOR'S AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

NOW COMES the Plaintiff, WESTERN NATIONAL MUTUAL INSURANCE COMPANY ("Western National") by and through its attorneys, Christopher J. Pickett and Haley M. Loutfy of LINDSAY, PICKETT & POSTEL, LLC, and for its answers to the Defendant, FLOOR AND DECOR OUTLETS OF AMERICA, INC.'S ("Floor & Decor"), Affirmative Defenses and Counterclaim, hereby states as follows:

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

**ANSWER: Denied.**

2. Floor & Decor reserves the right to amend its Answer and add affirmative defenses as additional information is discovered.

**ANSWER: Paragraph 2 alleges a legal conclusion to which no response is required.**

**COUNTERCLAIM**

**A.** The *Nguyen* **Lawsuit**

1. On September 7, 2021, Jackie Nguyen filed a lawsuit in the District Court of

Fort Bend County Texas, 434th Judicial District, alleging that on February 15, 2021, a fire in the fireplace ignited wood paneling in her home (the "*Nguyen* lawsuit"). The fire subsequently spread to the rest of the property, resulting in four fatalities. A copy of the Second Amended Petition is attached as **Exhibit G** to Western National's Complaint for Declaratory Judgment.

**ANSWER: Plaintiff incorporates as its answer to Paragraph 1 the actual Second Amended Petition and denies any paraphrasing or characterizations of its allegations that are inconsistent with that document.**

2. In November 2021, Nguyen filed an amended petition alleging that she purchased the wood paneling from Floor & Decor and that the paneling was defective and not fit for its intended use. Nguyen further alleged that the acts or omission of Floor & Decor caused the fire and caused or contributed to the damage to her home and the fatalities.

**ANSWER: Plaintiff incorporates as its answer to Paragraph 2 the amended petition and denies any paraphrasing or characterizations of its allegations that are inconsistent with that document.**

3. On November 16, 2022, Nguyen filed a Fourth Amended Petition naming Bestview International Company ("Bestview") as a defendant. Nguyen alleges that the "defective wall paneling was supplied, designed and/or manufactured by Bestview." A copy of the Fourth Amended Petition is attached as **Exhibit 1** to this Counterclaim.

**ANSWER: Plaintiff incorporates as its answer to Paragraph 3 the actual Fourth Amended Petition filed and denies any paraphrasing or characterizations of its allegations that are inconsistent with that document.**

4. In the lawsuit, Nguyen seeks compensatory and exemplary damages, pre and post judgment interest, and all costs of court.

**ANSWER: Plaintiff incorporates as its answer to Paragraph 4 the actual Fourth Amended Petition and denies any paraphrasing or characterizations of its allegations that are inconsistent with that document.**

B. **The Relationship Between Floor & Decor and Bestview**

5. The business relationship between Floor & Decor and Bestview was one of buyer and product supplier.

**ANSWER: Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore can neither admit nor deny.**

6. As part of their business relationship, Bestview agreed to obtain commercial general liability insurance providing coverage for "bodily injury" and "property damage" and naming Floor & Decor as an additional insured. The parties' agreement was set forth in a Vendor Buying Agreement, which contains certain confidential and proprietary business information of Floor & Decor. Floor & Decor will produce the Vendor Buying Agreement in discovery subject to entry of an appropriate Confidentiality / Protective Order.

**ANSWER: Plaintiff incorporates as its answer to Paragraph 6 the actual Vendor Buying Agreement and denies any paraphrasing or characterizations of its language that are inconsistent with that document.**

7. Under Section 9.5 of the Vendor Buying Agreement, the insurance obtained by Bestview was to name Floor & Decor as an additional insured. Further, the insurance obtained by Bestview was to be primary and any insurance or self-insurance maintained by Floor & Decor was to be excess and non-contributory.

**ANSWER: Plaintiff incorporates as its answer to Paragraph 7 the actual Vendor Buying Agreement and denies any paraphrasing or characterizations of its language that are inconsistent with that document.**

C. **The Western National Policies**

8. Western National issued Business Owners Policy no. 1006209 to Bestview in effect from October 16, 2018, to October 16, 2019. A copy of Business Owners Policy no. 1006209 (the "Primary Policy") is attached as **Exhibit E** to Western National's Complaint for Declaratory Judgment. The Primary Policy provided primary limits of liability of $1 million per

3

occurrence and $2 million in the aggregate.

**ANSWER: Plaintiff incorporates as its answer to Paragraph 8 its actual Business Owners Policy and denies any paraphrasing or characterizations of its language that are inconsistent with that document.**

9. The Business Liability insuring agreement of the Primary Policy provides that Western National "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' … to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages."

**ANSWER: Plaintiff incorporates as its answer to Paragraph 9 its actual Business Owners Policy and denies any paraphrasing or characterizations of its language that are inconsistent with that document.**

10. The Primary Policy contains an endorsement titled "Additional Insured – Vendors – With Additional Insured Requirement in Contract" which, among other things, amends the definition of insured to include as additional insureds "[a]ny person(s) or organization(s) (referred to below as vendor) with whom you have agreed in a written contract, executed prior to loss, to name as an additional insured, but only with respect to 'bodily injury' … arising out of 'your products' which are distributed or sold in the regular course of the vendor's business …" As such, Floor & Decor is an additional insured under the Primary Policy.

**ANSWER: Paragraph 10 alleges a legal conclusion to which no response is required. Further answering, Plaintiff incorporates as its answer to Paragraph 10 its actual Business Owners Policy and denies any paraphrasing or characterizations of its language that are inconsistent with that document.**

11. The Primary Policy also contained a Primary and Noncontributory – Other Insurance endorsement, which states "[t]his insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that … The additional insured is a Named Insured under such other insurance; and

4

… You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured."

**ANSWER: Plaintiff incorporates as its answer to Paragraph 11 its actual Business Owners Policy and denies any paraphrasing or characterizations of its language that are inconsistent with that document.**

12. Western National also issued Commercial Liability Umbrella policy no. 1033129 to Bestview in effect from October 16, 2018, to October 16, 2019. A copy of Commercial Liability Umbrella policy no. 1033129 (the "Umbrella Policy") is attached as **Exhibit F** to Western National's Complaint for Declaratory Judgment. The Umbrella Policy provided limits of liability of $3 million per occurrence and in the aggregate.

**ANSWER: Plaintiff incorporates as its answer to Paragraph 12 its actual Umbrella Policy and denies any paraphrasing or characterizations of its language that are inconsistent with that document.**

13. The definition of "insured" in the Umbrella Policy states that "[a]ny additional insured under any policy of 'underlying insurance' will automatically be an insured under this insurance." As such, Floor & Decor is an additional insured under the Umbrella Policy.

**ANSWER: Paragraph 13 alleges a legal conclusion to which no response is required. Further answering, Plaintiff incorporates as its answer to Paragraph 13 its actual Umbrella Policy and denies any paraphrasing or characterizations of its language that are inconsistent with that document.**

14. Upon information and belief, the Primary Policy and Umbrella Policy were renewed on an annual basis through October 16, 2022. The terms and conditions of the subsequent policies are the same as the terms and conditions of the policies attached by Western National to the Complaint in all respects relevant to the issues presented by this Counterclaim.

**ANSWER: Plaintiff incorporates as its answer to Paragraph 14 its actual Business Owners and Umbrella Policies including any renewals and denies any paraphrasing or characterizations of their language that are inconsistent with those documents.**

### D. Floor & Decor's Tender to Western National

15. In November 2021, the petition in the *Nguyen* lawsuit was amended to add Floor & Decor as a defendant.

**ANSWER: Plaintiff incorporates as its answer to Paragraph 15 the amended petition and denies any paraphrasing or characterizations of its allegations that are inconsistent with that document.**

16. Upon information and belief, prior to the formal tender, Western National was aware of the *Nguyen* lawsuit and that Floor & Decor was named as a defendant.

**ANSWER: Denied.**

17. In a letter dated March 28, 2022, Floor & Decor requested that Western National defend and indemnify them in the *Nguyen* lawsuit under the terms of the Vendor Buying Agreement and the Western National policies. A copy of the March 28, 2022, tender letter is attached as **Exhibit 2** to this Counterclaim.

**ANSWER: Plaintiff incorporates as its answer to Paragraph 17 Floor & Decor's March 28, 2022, letter and denies any paraphrasing or characterizations of its language that are inconsistent with that document.**

18. On June 14, 2022, Western National agreed to defend and indemnify Floor & Decor in the *Nguyen* lawsuit under the Western National policies in effect from October 16, 2020, to October 16, 2021, subject to a reservation of rights. A copy of the June 14, 2022, letter from Western National is attached as **Exhibit 3** to this Counterclaim.

**ANSWER: Plaintiff incorporates as its answer to Paragraph 18 Western National's June 14, 2022 reservation of rights and denies any paraphrasing or characterizations of its language that are inconsistent with that document.**

19. Although Western National has reimbursed Floor & Decor some defense costs, a substantial amount remains outstanding, including but not limited to $150,000 paid by Floor & Decor to satisfy the Self-Insured Retention under its own liability policy.

**ANSWER:** West Bend admits only that it has reimbursed Floor & Decor for all of the defense costs it owes under its reservation of rights and denies the remaining allegations in Paragraph 19.

20. To date, Floor & Decor has paid or incurred more than $200,000 in expenses defending against the *Nguyen* lawsuit that have not been reimbursed by Western National.

**ANSWER:** Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore can neither admit nor deny. Further answering, Plaintiff denies that it owes Floor & Decor any defense fees that have not already been provided to Floor & Decor under its reservation of rights.

21. Additionally, Floor & Decor's liability insurer has paid amounts to defend Floor & Decor in the *Nguyen* lawsuit that have not been reimbursed by Western National.

**ANSWER:** Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore can neither admit nor deny. Further answering, Plaintiff denies that it owes Floor & Decor any defense fees that have not already been provided to Floor & Decor under its reservation of rights.

## COUNT I
## BREACH OF CONTRACT

22. Floor & Decor restate and re-allege Paragraphs 1 through 21 as if fully set forth herein.

**ANSWER:** Plaintiff restates and re-alleges Paragraphs 1 through 21 as if fully set herein.

23. The Western National primary policy in effect from October 16, 2020, to October 16, 2021 (the "2020-2021 Policy") is a valid and enforceable contract.

**ANSWER:** Paragraph 23 alleges a legal conclusion to which no response is required.

24. Under the terms of the 2020-2021 Policy, Floor & Decor is an additional insured with respect to the *Nguyen* lawsuit.

**ANSWER:** Paragraph 24 alleges a legal conclusion to which no response is required. Further answering, Western National incorporates its June 14, 2022 reservation of rights as its answer to Paragraph 24.

25. The complaint in the *Nguyen* lawsuit alleges facts that fall within the scope of the 2020-2021 Policy's liability coverage. Thus, Western National owes a defense to Floor & Decor in the *Nguyen* lawsuit.

**ANSWER: Paragraph 25 alleges a legal conclusion to which no response is required. Further answering, Western National incorporates its June 14, 2022 reservation of rights as its answer to Paragraph 25.**

26. Floor & Decor timely requested that Western National defend and indemnify it in the *Nguyen* lawsuit.

**ANSWER: Paragraph 26 alleges a legal conclusion to which no response is required.**

27. Although Western National agreed to defend and indemnify Floor & Decor in the *Nguyen* lawsuit subject to a reservation of rights and has paid some amounts to Floor & Decor, Western National has not reimbursed Floor & Decor for all defenses costs incurred in the *Nguyen* lawsuit, nor has it reimbursed Floor & Decor's liability insurer for defense costs it has paid.

**ANSWER: Denied.**

28. To date, Floor & Decor has paid or incurred in excess of $200,000 in expenses defending against the *Nguyen* lawsuit that have not been reimbursed by Western National.

**ANSWER: Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore can neither admit nor deny. Further answering, Plaintiff denies that it owes Floor & Decor any defense fees that have not already been provided to Floor & Decor under its reservation of rights.**

29. Western National's failure to reimburse Floor & Decor and its liability insurer for all defense costs incurred and Western National's failure to reimburse Floor & Decor in a timely manner constitute a breach of the duty to defend contained in the 2020-2021 Policy.

**ANSWER:** Denied.

## WESTERN NATIONAL'S AFFIRMATIVE DEFENSES
## DIRECTED TO FLOOR AND DECOR OUTLETS OF AMERICA, INC.

NOW COMES the Plaintiff, WESTERN NATIONAL MUTUAL INSURANCE COMPANY ("Western National") by and through its attorneys, Christopher J. Pickett and Haley M. Loutfy of LINDSAY, PICKETT & POSTEL, LLC, and for its Affirmative Defenses directed to the Defendant, FLOOR AND DECOR OUTLETS OF AMERICA, INC.'S ("Floor & Decor"), hereby states as follows:

1. Western National does not owe Floor & Decor any fees incurred prior to its tender dated March 28, 2022.

Respectfully submitted,
**LINDSAY, PICKETT & POSTEL, LLC**

By: /s/ Christopher J. Pickett
One of the attorneys for Plaintiff

Christopher J. Pickett (ARDC #6287096)
cpickett@lpplawfirm.com
Haley M. Loutfy (ARDC #6330052)
hloutfy@lpplawfirm.com
**LINDSAY, PICKETT & POSTEL, LLC**
200 W. Madison St., Suite 3850
Chicago, Illinois 60606

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the Plaintiff, Western National Mutual Insurance Company electronically filed its Answers to Floor and Decor Outlets of America, Inc.'s Affirmative Defenses and Counterclaim on this 24th day of January, 2023. Further, Western National Mutual Insurance Company electronically filed its Affirmative Defenses directed to the Defendant, Floor and Decor Outlets of America, Inc. on this 24th day of January, 2023. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF electronic filing system.

/s/ Christopher J. Pickett