**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| WESTERN NATIONAL MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:22-cv-05444 |
| BESTVIEW INTERNATIONAL COMPANY, TILE & TOP, LLC, FLOOR AND DECOR OUTLETS OF AMERICA, INC., and RAND-TEC INSURANCE AGENCY, INC. n/k/a ASSUREDPARTNERS OF ILLINOIS, LLC | ) ) ) ) ) ) | |
| Defendants. | | |

**FLOOR & DECOR'S ANSWER TO**
**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant Floor and Decor Outlets of American, Inc. ("Floor & Decor"), by and through

its attorneys, provide the following Answer to Plaintiff's First Amended Complaint for

Declaratory Judgment, Affirmative Defenses, and Counterclaim.

**INTRODUCTION[1]**

1. Western National seeks to rescind two policies of insurance issued to named

insured Bestview due to material misrepresentations of fact it made on multiple applications of

insurance. Specifically, it affirmatively misrepresented that its sales volume did not exceed

$15,000,000 per location and further affirmatively misrepresented that it did not import

products directly from China. Western National's underwriting guidelines expressly prohibit

both risks and, absent the misrepresentations, Western National would not have issued or

renewed the policies.

---

[1] Except as otherwise stated herein, Floor & Decor denies the allegations in any footnotes, unnumbered paragraphs, titles, headings, subheadings, tables, and illustrations.

**ANSWER:** Floor & Decor admits that Plaintiff filed this lawsuit against Floor & Decor and the other defendants but denies that Plaintiff is entitled to any of the relief sought. Floor & Decor is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 1 and, on that basis, denies those allegations.

## THE PARTIES

2.     Western National is a mutual insurance company organized under the laws of the state of Minnesota and with a principal place of business in Minnesota, duly licensed and authorized to issue insurance policies in the State of Illinois. Western National is a citizen of the state of Minnesota.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 2 and, on that basis, denies those allegations.

3.     Bestview is an Illinois corporation organized under the laws of the state of Illinois and with a principal place of business in Illinois. Bestview is a citizen of the state of Illinois.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 3 and, on that basis, denies those allegations.

4.     Tile & Top is an Illinois manager-managed limited liability company whose sole manager member is Zhiqi Zhuang, a citizen of Illinois.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 4 and, on that basis, denies those allegations.

5.     Floor and Decor is a corporation organized under the laws of the state of Delaware and with a principal place of business in Georgia. Floor and Decor is a citizen of Delaware and Georgia.

**ANSWER:** Floor & Decor admits the allegations of Paragraph 5.

6.      Rand-Tec was a former corporation organized under the laws of the state of Illinois. Rand-Tec is now known as AssuredPartners, an Illinois manager-managed limited liability company whose managers are Jim W. Henderson, Sean K. Smith, Paul Vredenburg, and Randy Larsen, all citizens of the state of Florida.

**ANSWER:**    Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 6 and, on that basis, denies those allegations.

### JURISDICTION AND VENUE

7.      No defendant is a citizen of the plaintiff's state of citizenship, Minnesota, so complete diversity of citizenship exists.

**ANSWER:**    The allegations of Paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 7 and, on that basis, denies those allegations.

8.      The amount in controversy exceeds $75,000 exclusive of interest and costs. Although this complaint only seeks declaratory relief, the effect of granting such relief would be to rescind a policy and void coverage for a loss exceeding $75,000 in value.

**ANSWER:**    The allegations of Paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 8 and, on that basis, denies those allegations.

9.      This Court therefore has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(a).

**ANSWER:** The allegations of Paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, Floor & Decor is not challenging venue or jurisdiction in this Court. Floor & Decor is without knowledge or information sufficient to form a belief as to any remaining allegations of Paragraph 9 and, on that basis, denies those allegations.

10. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this transaction occurred within the Northern District of Illinois, including negotiation and delivery of the subject insurance policies.

**ANSWER:** The allegations of Paragraph 10 state legal conclusions to which no response is required. To the extent a response is required, Floor & Decor is not challenging venue or jurisdiction in this Court. Floor & Decor is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 10 and, on that basis, denies those allegations.

11. This Court has personal jurisdiction over Bestview and Tile & Top as they are Illinois citizens. This Court has personal jurisdiction over Floor and Decor as it does business in the state of Illinois and therefore purposely availed itself to the protections of Illinois law. This Court has personal jurisdiction over Rand-Tec as it was an Illinois citizen at the time of the occurrence, and currently does business in Illinois purposely availing itself to the protections of Illinois law.

**ANSWER:** Floor & Decor admits that it does business in the State of Illinois and that it is not challenging venue or jurisdiction in this Court. Floor & Decor denies all other allegations in Paragraph 11 that relate to it. The remaining allegations of Paragraph 11 state legal conclusions to which no response is required. To the extent a response is required, Floor &

Decor is without knowledge or information sufficient to form a belief as to those allegations and, on that basis, denies those allegations.

12.     An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

**ANSWER:**     The allegations of Paragraph 12 state legal conclusions to which no response is required. To the extent a response is required, Floor & Decor denies those allegations.

## NON-JOINDER OF CERTAIN PARTIES

13.     Jackie Nguyen is the plaintiff in an underlying lawsuit and is a resident of Fort Bend County, Texas. She is a citizen of Texas and has not been joined because this Court does not have personal jurisdiction over her. Contemporaneously with the filing of this action, Western National will provide Ms. Nguyen with a copy of the complaint and invite her to intervene should she desire to do so.

**ANSWER:**     Floor & Decor admits that Jackie Nguyen has filed a lawsuit against Floor & Decor, Bestview, and others in the District Court of Bend County, Texas, 434th Judicial District. Further answering, Floor & Decor is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 13 and, on that basis, denies those allegations.

## THE APPLICATION FOR INSURANCE

14.     On or about June 19, 2018, Bestview, through its agent, Rand-Tec submitted its initial insurance application with Western National. A true and correct copy of Bestview's June 19, 2018, application is attached as Exhibit A.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 14 and, on that basis, denies those allegations.

15. Bestview answered "no" when asked if foreign products were sold, distributed, or used as components in its business. *Id*. at p. 10.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 15 and, on that basis, denies those allegations.

16. Bestview answered "no" when asked if it was engaged in any foreign operations, had any foreign products distributed in the United States, or had any United States products sold or distributed in foreign countries. *Id*. at p. 27.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 16 and, on that basis, denies those allegations.

17. Further, Bestview's application scheduled two locations, one located at 2260 Ridge Drive, Glenview, Illinois, and the other located at 7879 Lemont Road, Darien, Illinois. *Id*. at 2.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 17 and, on that basis, denies those allegations.

18. Bestview represented its annual gross sales as $5,000,000 in ceramic tile. *Id*. at 38.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 18 and, on that basis, denies those allegations.

19. On or about September 17, 2018, Bestview submitted an updated insurance application. A true and correct copy of Bestview's September 17, 2018, application is attached as Exhibit B.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 19 and, on that basis, denies those allegations.

20.     Bestview's updated application continued to represent that it did not sell or distribute foreign products. *Id.*

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 20 and, on that basis, denies those allegations.

21.     Bestview's updated application continued to represent that its annual sales were $5,000,000. *Id.*

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 21 and, on that basis, denies those allegations.

22.     On September 21, 2018, Western National issued Bestview a quote based on its representations. A true and correct copy of Western National's quote is attached as Exhibit C.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 22 and, on that basis, denies those allegations.

23.     Western National's quote contained the following warning in red ink so as to highlight it from the surrounding text: "Ineligible: Risks that distribute high hazard consumer products, and risks directly importing foreign-made products from manufacturers with no legal US presence." *Id*. at p. 2.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 23 and, on that basis, denies those allegations.

24.     On or about October 9, 2018, Rand-Tec called Western National to discuss Bestview's insurance application. Rand-Tec informed Western National that although Bestview obtained products from foreign markets, they were imported strictly through a United States distributer. Rand-Tec confirmed that Bestview did not import any products directly from a foreign distributer.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 24 and, on that basis, denies those allegations.

25. Bestview also represented that it had sales of no more than $15,000,000 per scheduled location, and no more than $30 million in aggregate for its two scheduled locations.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 and, on that basis, denies those allegations.

26. On October 9, 2018, Western National issued Bestview an updated quote. A true and correct copy of Western National's updated quote is attached as Exhibit D.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 26 and, on that basis, denies those allegations.

27. Western National's updated quote contained the same warning in similar highlighted text: "Ineligible: Risks that distribute high hazard consumer products, and risks directly importing foreign-made products from manufacturers with no legal US presence." *Id*. at p. 2.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 27 and, on that basis, denies those allegations.

**THE WESTERN NATIONAL POLICIES**

28. Western National issued Bestview a Business Owners Policy ("BOP") numbered 1006209 00, effective October 16, 2018, through October 16, 2019. A true and correct copy of the 2018-2019 BOP policy is attached hereto as Exhibit E.

**ANSWER:** Floor & Decor admits the allegations of Paragraph 28.

29. Bestview was also issued an Umbrella ("UMB") policy, numbered 1033129 00. A true and correct copy of the 2018-2019 UMB policy is attached hereto as Exhibit F.

**ANSWER:**     Floor & Decor admits the allegations of Paragraph 29.

30.     Bestview consecutively renewed its BOP and UMB policies on an annual basis through October 16, 2022.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 30 and, on that basis, denies those allegations.

**THE UNDERLYING LAWSUIT AND
WESTERN NATIONAL'S INVESTIGATION**

31.     On November 20, 2021, Jackie Nguyen filed a complaint in the District Court of Fort Bend County, Texas, naming Floor and Decor as a defendant ("the underlying lawsuit"). A true and correct copy of the second amended complaint filed in the underlying lawsuit is attached as Exhibit G.

**ANSWER:**     Floor & Decor admits that in November 2021, Jackie Nguyen filed an amended petition in the District Court of Fort Bend County, Texas, naming Floor & Decor as a defendant. Floor & Decor denies that Exhibit G is the operative pleading in the underlying lawsuit and further denies any remaining allegations of Paragraph 31.

32.     The underlying lawsuit alleges that on February 15, 2021, a fire spread from Ms. Nguyen's fireplace to other portions of the home, resulting in the death of four people.

**ANSWER:**     Floor & Decor admits the allegations of Paragraph 32.

33.     The underlying lawsuit alleges that Ms. Nguyen previously purchased wood paneling (the "Subject Wood Paneling") from Floor and Decor to install around her fireplace, and that the Subject Wood Paneling was defective and unfit for its intended use, causing or contributing to the fire and subsequent deaths.

**ANSWER:**     Floor & Decor admits the allegations of Paragraph 33.

9

34.     On March 28, 2022, Floor and Decor tendered the underlying lawsuit to Western National, requesting additional insured coverage under the Bestview policies.

**ANSWER:**     Floor & Decor admits that, at the latest, the lawsuit was tendered to Western National on March 28, 2022.

35.     Floor and Decor claimed that the Subject Wood Paneling had been identified as a Bestview product, and therefore Floor and Decor qualified as an additional insured pursuant to its vendor agreement with Bestview. In support of its tender, Floor and Decor furnished Western National with a sales receipt identifying that the Subject Wood Paneling was sold for use in the Nguyen home in 2017.

**ANSWER:**     Floor & Decor admits that the Subject Wood Paneling was identified as Antique Wood Panel Mosaic (SKU 100046440) and/or Ashen Barn Panel Wood Mosaic (SKU 100230796) supplied to Floor & Decor by Bestview. Floor & Decor also admits that it qualifies as an additional insured under the terms of its vendor agreement with Bestview and the terms and conditions of the Western National policies. Further answering, Floor & Decor admits that it attached to its March 28, 2022, letter a Certificate of Liability Insurance identifying Floor and Decor Outlets of America, Inc. as an additional insured under the Western National policies issued to Bestview. Floor & Decor denies any remaining allegations of Paragraph 35.

36.     Western National agreed to undertake Floor and Decor's defense of the underlying lawsuit, subject to a reservation of rights, while it continued to investigate coverage for the claim.

**ANSWER:**     Floor & Decor admits that Western National agreed to defend Floor & Decor subject to a reservation of rights. Answering further, Floor & Decor states that while Western National has paid some of the defense costs incurred by Floor & Decor in the lawsuit

filed by Jackie Nguyen, a substantial amount remains outstanding. Floor & Decor denies any remaining allegations of Paragraph 36.

37.     During its investigation into coverage for the claim, Western National learned of information to establish that Bestview had made multiple misrepresentations of material fact on its applications for insurance with Western National.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 37 and, on that basis, denies those allegations.

38.     Specifically, at Floor and Decor's request, Bestview principals traveled to China to arrange for the Subject Wood Paneling to be imported directly from China and shipped to various Floor and Decor locations, sometime prior to June 2018.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 38 and, on that basis, denies those allegations.

39.     The Chinese-based manufacturer of the Subject Wood Paneling did not have a presence in the United States when Bestview engaged with it to import the Subject Wood Paneling as of June 2018.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 39 and, on that basis, denies those allegations.

40.     Bestview did not use a distributor with a presence in the United States to import the Subject Wood Paneling as of June 2018.

**ANSWER:**     Floor & Decor denies the allegations of Paragraph 40.

41.     Bestview's total sales volume exceeded $15,000,000 per location in 2017 or 2018.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 41 and, on that basis, denies those allegations.

## MATERIAL MISRepresenations

42.     Bestview falsely answered "no" in its June and September applications when asked if foreign products were sold, distributed, or used as components in its business.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 42 and, on that basis, denies those allegations.

43.     Bestview falsely answered "no" in its June and September applications when asked if it was engaged in any foreign operations, had any foreign products distributed in the United States, or had any United States products sold or distributed in foreign countries.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 43 and, on that basis, denies those allegations.

44.     Bestview falsely answered that its total sales volume was $5,000,000 in its June and September applications.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 44 and, on that basis, denies those allegations.

45.     Bestview subsequently falsely answered that its total sales volume did not exceed $15,000,000 per location.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 45 and, on that basis, denies those allegations.

46.     Bestview subsequently falsely represented that, although it does sell products manufactured by foreign companies with no presence in the United States, those products were imported "strictly" through a distributor based in the United States.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 46 and, on that basis, denies those allegations.

## THE WESTERN NATIONAL / RAND-TEC
## AGENCY AGREEMENT

47.     On or about March 5, 2013, Rand-Tec and Western National entered into an

agency agreement. A true and correct copy of the agency agreement is attached as Exhibit H.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a

belief as to the allegations of Paragraph 47 and, on that basis, denies those allegations.

48.     The agency agreement provided, in part:

**II.     INDEMNIFICATION**

**E.** The Agent [Rand-Tec] shall indemnify and hold the Company [Western
    National] harmless from any and all loss, cost and/or expense, including
    reasonable attorney's fees, internal and external incurred by its intentional act,
    error and/or omission in executing, or promising to execute, any insurance
    policy in violation of the Agent's power of attorney, Limits of Authority,
    collateral requirements, rates, rules and/or regulations of the Company,
    statutory requirements, or ordinances of regulatory bodies and/or the
    enforcement of this Agreement by the Company. The Agent shall keep in full
    force and effect a policy of insurance under which it is insured for its errors and
    omissions, with limits acceptable to the Company, and with a certificate of
    insurance to be duly furnished to the Company on the anniversary date of this
    agreement and annually thereafter.

* * * *

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a

belief as to the allegations of Paragraph 48 and, on that basis, denies those allegations.

## COUNT I
## RESCISSION OF THE WESTERN NATIONAL POLICIES

49.     Western National restates and incorporates the allegations in paragraphs 1 through

48 above, as if fully set forth herein.

**ANSWER:**     Floor & Decor restates and incorporates its responses to Paragraphs 1

through 48 above, as if fully set forth herein.

50.     The Western National BOP underwriting guidelines declare as ineligible for coverage any wholesale risks who import products from foreign manufacturers without a direct or distributor presence in the United States.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 50 and, on that basis, denies those allegations.

51.     The Western National BOP underwriting guidelines do not permit wholesale risks with total sales volume of $15,000,000 or more from any single location.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 51 and, on that basis, denies those allegations.

52.     Had Bestview disclosed that it was importing products directly from China on its application for insurance, the application would have been denied for a BOP policy.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 52 and, on that basis, denies those allegations.

53.     Had Bestview disclosed that it was generating more than $15,000,000 in sales at either one of its two scheduled locations, the application would have been denied for a BOP policy.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 53 and, on that basis, denies those allegations.

54.     Without the issuance of the BOP policy, Western National would not have issued the UMB policy.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 54 and, on that basis, denies those allegations.

55.     The misrepresentations described above were material because, absent those misrepresentations, Western National would have rejected the application and declined to issue Bestview its BOP policy and its UMB policy.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 55 and, on that basis, denies those allegations.

56.     In issuing the BOP policy and the UMB policy in 2018, Western National reasonably relied to its detriment on Bestview's misrepresentations of material fact.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 56 and, on that basis, denies those allegations.

57.     As a result of the foregoing material misrepresentations in Bestview's insurance application, Western National is entitled to rescind the BOP policy and the UMB policy for all effective policy periods, specifically October 16, 2018 through October 16, 2022.

**ANSWER:**     Floor & Decor denies the allegations of Paragraph 57.

58.     Western National hereby tenders to Bestview its premiums paid for each year the BOP policy and the UMB policy were issued and will deposit those funds in an account as instructed by this Court or Bestview.

**ANSWER:**     The allegations of Paragraph 58 are not directed to Floor & Decor and thus no response is required. To the extent a response is deemed required, Floor & Decor denies the allegations of Paragraph 58.

## COUNT II
## CONTRACTUAL INDEMNITY (RAND-TEC)

59.     Western National restates and incorporates the allegations in paragraphs 1 through 48 above, as if fully set forth herein.

**ANSWER:** Floor & Decor restates and incorporates its responses to Paragraphs 1 through 48 above, as if fully set forth herein

60. The applications for insurance were signed and submitted by Rand-Tec insurance agent and producer Scott J. Anderson.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 60 and, on that basis, denies those allegations.

61. Mr. Anderson signed the application after making the following representations:

THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE INQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATIONS. HE/SHE REPRESENTS THAT THE ANSWERS ARE TRU (sic), CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 61 and, on that basis, denies those allegations.

62. During a subsequent telephone call regarding the Bestview application, Rand-Tec represented to Western National that any foreign products sold by Bestview were acquired strictly through United States' based distribution.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 62 and, on that basis, denies those allegations.

63. In submitting the applications and speaking with Western National, Rand-Tac (sic) made misrepresentations of fact regarding Bestview's sale, distribution or use of foreign products and sales volume.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 63 and, on that basis, denies those allegations.

64.     Rand-Tec made these misrepresentations because Rand-Tec either neglected to confirm this information with Bestview or knowingly failed to disclose accurate information obtained from Bestview.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 64 and, on that basis, denies those allegations.

65.     The misrepresentations constituted a violation of Western National rules and regulations including, but not limited to, underwriting guidelines that prohibit BOP policies from issuing to an insured with more than $15,000,000 in sales volume from a single location, or who sell or distribute or use foreign products.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 65 and, on that basis, denies those allegations.

66.     It is a violation of Western National's rules and regulations for a producer to submit an application with false or incomplete information.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 66 and, on that basis, denies those allegations.

67.     But for the material misrepresentations by Rand-Tec, Western National would have rejected the application and declined to issue Bestview its BOP policy and its UMB policy.

**ANSWER:**     Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 67 and, on that basis, denies those allegations.

68.     To the extent that Rand-Tec made these material misrepresentations without receiving the information from Bestview, or contrary to information received from Bestview, it is in breach of its agreement with Western National.

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 68 and, on that basis, denies those allegations.

69.     Pursuant to the Rand-Tec/Western National agency agreement, Rand-Tec is obligated to indemnify Western National for damages incurred resulting from Rand-Tec's "intentional act, error and/or omission in executing, or promising to execute, any insurance policy in violation of … rules and/or regulations of [Western National]."

**ANSWER:** Floor & Decor is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 69 and, on that basis, denies those allegations.

70.     Floor & Decor denies that Plaintiff is entitled to any of the relief sought.

71.     Floor & Decor denies any and all remaining allegations contained within the First Amended Complaint.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Floor & Decor reserves the right to amend its Answer and add affirmative defenses as additional information is discovered.

## COUNTERCLAIM

Defendant Floor and Decor Outlets of America, Inc. ("Floor & Decor"), states as follows for their Counterclaim against Western National Mutual Insurance Company ("Western National"), pursuant to Federal Rules of Civil Procedure 13.

**A.     The *Nguyen* Lawsuit**

1.     On September 7, 2021, Jackie Nguyen filed a lawsuit in the District Court of Fort Bend County Texas, 434th Judicial District, alleging that on February 15, 2021, a fire in the

fireplace ignited wood paneling in her home (the "*Nguyen* lawsuit"). The fire subsequently spread to the rest of the property, resulting in four fatalities. A copy of the Second Amended Petition is attached as **Exhibit G** to Western National's First Amended Complaint for Declaratory Judgment.

2.      In November 2021, Nguyen filed an amended petition alleging that she purchased the wood paneling from Floor & Decor and that the paneling was defective and not fit for its intended use. Nguyen further alleged that the acts or omission of Floor & Decor caused the fire and caused or contributed to the damage to her home and the fatalities.

3.      On November 16, 2022, Nguyen filed a Fourth Amended Petition naming Bestview International Company ("Bestview") as a defendant. Nguyen alleges that the "defective wall paneling was supplied, designed and/or manufactured by Bestview." A copy of the Fourth Amended Petition is attached as **Exhibit 1** to this Counterclaim.

4.      In the lawsuit, Nguyen seeks compensatory and exemplary damages, pre and post judgment interest, and all costs of court.

**B.      The Relationship Between Floor & Decor and Bestview**

5.      The business relationship between Floor & Decor and Bestview was one of buyer and product supplier.

6.      As part of their business relationship, Bestview agreed to obtain commercial general liability insurance providing coverage for "bodily injury" and "property damage" and naming Floor & Decor as an additional insured. The parties' agreement was set forth in a Vendor Buying Agreement, which contains certain confidential and proprietary business information of Floor & Decor. Floor & Decor will produce the Vendor Buying Agreement in discovery subject to entry of an appropriate Confidentiality / Protective Order.

7.      Under Section 9.5 of the Vendor Buying Agreement, the insurance obtained by Bestview was to name Floor & Decor as an additional insured. Further, the insurance obtained by Bestview was to be primary and any insurance or self-insurance maintained by Floor & Decor was to be excess and non-contributory.

**C.      The Western National Policies**

8.      Western National issued Business Owners Policy no. 1006209 to Bestview in effect from October 16, 2018, to October 16, 2019. A copy of Business Owners Policy no. 1006209 (the "Primary Policy") is attached as **Exhibit E** to Western National's First Amended Complaint for Declaratory Judgment. The Primary Policy provided primary limits of liability of $1 million per occurrence and $2 million in the aggregate.

9.      The Business Liability insuring agreement of the Primary Policy provides that Western National "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' … to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages."

10.      The Primary Policy contains an endorsement titled "Additional Insured – Vendors – With Additional Insured Requirement in Contract" which, among other things, amends the definition of insured to include as additional insureds "[a]ny person(s) or organization(s) (referred to below as vendor) with whom you have agreed in a written contract, executed prior to loss, to name as an additional insured, but only with respect to 'bodily injury' … arising out of 'your products' which are distributed or sold in the regular course of the vendor's business …" As such, Floor & Decor is an additional insured under the Primary Policy.

11.      The Primary Policy also contained a Primary and Noncontributory – Other Insurance endorsement, which states "[t]his insurance is primary to and will not seek

20

contribution from any other insurance available to an additional insured under your policy provided that … The additional insured is a Named Insured under such other insurance; and … You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured."

12.    Western National also issued Commercial Liability Umbrella policy no. 1033129 to Bestview in effect from October 16, 2018, to October 16, 2019. A copy of Commercial Liability Umbrella policy no. 1033129 (the "Umbrella Policy") is attached as **Exhibit F** to Western National's First Amended Complaint for Declaratory Judgment. The Umbrella Policy provided limits of liability of $3 million per occurrence and in the aggregate.

13.    The definition of "insured" in the Umbrella Policy states that "[a]ny additional insured under any policy of 'underlying insurance' will automatically be an insured under this insurance." As such, Floor & Decor is an additional insured under the Umbrella Policy.

14.    Upon information and belief, the Primary Policy and Umbrella Policy were renewed on an annual basis through October 16, 2022. The terms and conditions of the subsequent policies are the same as the terms and conditions of the policies attached by Western National to the Complaint in all respects relevant to the issues presented by this Counterclaim.

**D.    Floor & Decor's Tender to Western National**

15.    In November 2021, the petition in the *Nguyen* lawsuit was amended to add Floor & Decor as a defendant.

16.    Upon information and belief, prior to the formal tender, Western National was aware of the *Nguyen* lawsuit and that Floor & Decor was named as a defendant.

17.    In a letter dated March 28, 2022, Floor & Decor requested that Western National defend and indemnify them in the *Nguyen* lawsuit under the terms of the Vendor Buying

Agreement and the Western National policies. A copy of the March 28, 2022, tender letter is attached as **Exhibit 2** to this Counterclaim.

18.     On June 14, 2022, Western National agreed to defend and indemnify Floor & Decor in the *Nguyen* lawsuit under the Western National policies in effect from October 16, 2020, to October 16, 2021, subject to a reservation of rights. A copy of the June 14, 2022, letter from Western National is attached as **Exhibit 3** to this Counterclaim.

19.     Although Western National has reimbursed Floor & Decor some defense costs, a substantial amount remains outstanding, including $150,000 paid by Floor & Decor to satisfy the Self-Insured Retention under its own liability policy and $167,000 paid by Floor & Decor's liability insurer.

**COUNT I**
**BREACH OF CONTRACT**

20.     Floor & Decor restate and re-allege Paragraphs 1 through 19 as if fully set forth herein.

21.     The Western National primary policy in effect from October 16, 2020, to October 16, 2021 (the "2020-2021 Policy") is a valid and enforceable contract.

22.     Under the terms of the 2020-2021 Policy, Floor & Decor is an additional insured with respect to the *Nguyen* lawsuit.

23.     The complaint in the *Nguyen* lawsuit alleges facts that fall within the scope of the 2020-2021 Policy's liability coverage. Thus, Western National owes a defense to Floor & Decor in the *Nguyen* lawsuit.

24.     Floor & Decor timely requested that Western National defend and indemnify it in the *Nguyen* lawsuit.

25.     Although Western National agreed to defend and indemnify Floor & Decor in the *Nguyen* lawsuit subject to a reservation of rights and has paid some amounts to Floor & Decor, Western National has not reimbursed Floor & Decor for all defenses costs incurred in the *Nguyen* lawsuit, nor has it reimbursed Floor & Decor's liability insurer for defense costs it has paid.

26.     To date, Floor & Decor has paid or incurred substantial amounts in expenses defending against the *Nguyen* lawsuit that have not been reimbursed by Western National

27.     Western National's failure to reimburse Floor & Decor and its liability insurer for all defense costs incurred and Western National's failure to reimburse Floor & Decor in a timely manner constitute a breach of the duty to defend contained in the 2020-2021 Policy.

WHEREFORE, Floor & Decor respectfully requests that the Court enter judgment in its favor on the Counterclaim, finding and ordering that (a) Floor & Decor is an additional insured under the 2020-2021 Policy; (b) Western National owes a defense to Floor & Decor in the *Nguyen* lawsuit under the 2020-2021 Policy; (c) Western National's failure to reimburse Floor & décor and its liability insurer for all defense costs incurred and Western National's failure to reimburse Floor & Decor in a timely manner constitute a breach of the duty to defend contained in the 2020-2021 Policy; (d) Western National must pay Floor & Decor for all costs and expenses incurred in defending against the *Nguyen* lawsuit; and (e) such further relief as the Court deems just.

## JURY DEMAND

Defendant Floor and Decor Outlets of American, Inc. respectfully demands a trial by jury in this suit.

February 15, 2023                    Respectfully submitted,

                                     WALKER WILCOX MATOUSEK LLP

                                     */s/ Douglas W. Walker*
                                     Douglas W. Walker
                                     Christopher J. Shannon
                                     Walker Wilcox Matousek LLP
                                     One North Franklin Street, Suite 3200
                                     Chicago, Illinois 60606
                                     (312) 244-6700
                                     dougwalker@walkerwilcox.com
                                     cshannon@walkerwilcox.com

                                     *Attorneys for Floor and Decor Outlets of
                                     America, Inc.*

**CERTIFICATE OF SERVICE**

On February 15, 2023, I electronically filed the foregoing Floor & Decor's Answer to

First Amended Complaint for Declaratory Judgment, Affirmative Defenses, and Counterclaim

with the Clerk of the Court using the CM/ECF filing system.  I certify that I have served all

counsel of record electronically as authorized by Fed. R. Civ. P. 5(b)(2).


*/s/ Douglas W. Walker*